381 So.2d 515 (1979)
INSURANCE SERVICES OFFICE
v.
COMMISSIONER OF INSURANCE, State of Louisiana.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Sherman A. BERNARD, Commissioner of Insurance.
ALLSTATE INSURANCE COMPANY
v.
Sherman A. BERNARD, Commissioner of Insurance, State of Louisiana.
Nos. 12681-12683.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Writ Refused November 30, 1979.
John R. Martzell, New Orleans, W. Scott Allen, Deputy Commissioner of Insurance, Baton Rouge, for defendant-appellant, Sherman A. Bernard, Commissioner of Insurance.
Anthony J. Clesi, Jr., Baton Rouge, for plaintiff-appellee, State Farm Mut. Auto. Ins. Co.
Charles W. Franklin, Baton Rouge, for plaintiff-appellee, Ins. Services Office.
Joseph F. Keogh, Baton Rouge, for plaintiff-appellee, Allstate Ins. Co.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge:
On February 1, 1978, the Commissioner of Insurance issued an order to the plaintiffs in these consolidated cases to show cause why they should not cease and desist from charging automobile insurance premiums based on a rating plan using age and sex as criteria. It was alleged that the rating plan was unfairly discriminatory and therefore in violation of the Insurance Code of Louisiana, Title 22 of the Revised Statutes.
The hearing by the Commissioner was convoked under the authority bestowed on him by R.S. 22:1215, which provides:
"The commissioner of insurance shall have power to examine and investigate into the affairs of every person engaged in the business of insurance in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this Part."
*516 The unfair practice alleged herein is the violation of a prohibitory law of this state, as provided by R.S. 22:1214(12). The prohibitory laws allegedly violated are R.S. 22:1402 and 1404(2), which provide that insurance rates shall not be excessive, inadequate or unfairly discriminatory.
After the hearing, the Commissioner issued his ruling of April 14, 1978, in which he ordered the plaintiffs to "cease and desist from engaging in unfair discrimination on the bases of age and sex in the rating plans that are applied to the premiums charged to certain persons based on age/or sex, all in violation of Title 22, of the Louisiana Revised Statutes of 1950, Sections 1214(12), 1402 and 1404(2)."
Plaintiffs applied to the 19th Judicial District Court for review of the above order. The trial judge found the order of the Commissioner to be manifestly erroneous, and ordered it "reversed, annulled and set aside." From that judgment, the Commissioner has appealed, arguing that the trial judge applied an improper standard of review, and that he erred in finding the order of the Commissioner to be manifestly erroneous.
R.S. 49:964(G) provides as follows:
"The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge of the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues."
The Commissioner argues that plaintiffs must show both substantial prejudice to their rights and (in this case) manifest error on the part of the agency making the determination. He asserts that, even if his factual conclusions are manifestly erroneous, the reviewing court cannot reverse his finding unless substantial prejudice to the rights of plaintiffs has also been shown.
Although we do not agree with this interpretation of that language, it is not necessary that we so hold. In this case, the Commissioner seeks to change the basis for the rate schedule for automobile insurance. He selected the companies who are parties to these cases. We do not need evidence to know that substantial rights are involved in the case, and would be prejudiced by a ruling adverse to the companies.
Turning now to the merits of the determination made by the trial judge, we find that there is no question of manifest error involved in this case. The manifest error doctrine relates only to factual findings of the trier of fact, and has no application to conclusions of law or of public policy. We find no disputed questions of fact in the case. The record reflects, without contradiction, that drivers under the age of 25 constitute 26% of the driver population and have 38% of the accidents; that women drivers have fewer accidents than male drivers; and that drivers over 65 have a smaller incidence of accidents than do other drivers. All of these classes of drivers, by age and sex, pay a greater or lesser share of the policy premiums collected, depending on the accident record of their class as a whole. The Commissioner found, and now contends, that a rate structure based on age and sex, factors over which the driver has no control, unfairly discriminates against those individuals with good driving records who are forced to pay higher premiums *517 because of membership in a class with a poor driving record. It is this conclusion, which is one of public policy, that the trial judge found to be "manifestly erroneous".
Under R.S. 22:1401 et seq., the responsibility for regulation of casualty insurance rates is vested in the Louisiana Insurance Rating Commission. R.S. 22:1404(3)(b) provides as follows:
"Risks may be grouped by classifications for the establishment of rates and minimum premiums. Rates may be established on the basis of any classifications submitted by any insurer or group of insurers, provided such classifications are found to be reasonable. Classification rates may be modified to produce rates for individual risks in accordance with rating plans which establish standards for measuring variations in hazards or expense provisions, or both. Such standards may measure any differences among risks that can be demonstrated to have a probable effect upon losses or expenses."
The evidence taken by the Commissioner indicates that there exists a sound statistical basis for using classifications based on age and sex in fixing insurance rates. It further appears that any classification system which results in different classes paying different rates for the same protection is, to some extent, discriminatory. If, for instance, age and sex are not used as factors in establishing classifications in automobile insurance rates, women and all those over 24 years of age, or about 75% of the drivers, would pay a higher premium, while those under 25 years of age, about one-fourth of the drivers, would pay substantially less than they are now paying. The older and more experienced drivers would therefore be discriminated against by having to subsidize the higher risk class of younger drivers.
R.S. 22:1404 requires that the classifications used in establishing rates be reasonable, and not unfairly discriminatory. We agree with the trial judge that classifications based on age and sex are not unreasonable, and, although there is discrimination against the good, young driver, it is not unfair or unreasonable.
The judgment appealed from is therefore affirmed, at appellant's cost.
AFFIRMED.