| .GONZALES, Judge.
In this appeal, an insured challenges a judgment dismissing his claims against his automobile liability insurer.
FACTUAL AND PROCEDURAL BACKGROUND
Mr. Michael E. Robinson is the sole proprietor of a heating and air conditioning business that he operates as “Mike Robinson Enterprises.” The business is not incorporated. On December 11, 1997, Mr. Robinson discovered his work truck, a 1997 Ford F-150 pickup truck (the Ford truck), had a flat tire; therefore, he went to work in his personal vehicle, a 1995 Toyota T100 truck (the Toyota truck). Later in the day, while driving the Toyota truck, Mr. Robinson was involved in an automobile accident with Carolyn S. Heard.
On August 14, 1998, Mr. Robinson filed suit against Ms. Heard, Imperial Fire and Casualty Insurance Company (Imperial), Ms. Heard’s automobile liability insurer; and Interstate Fire & Casualty Insurance Company (Interstate), the insurer that had issued a commercial automobile policy to Mike Robinson Enterprises on the Ford truck and a personal automobile policy to Mr. Robinson personally on the Toyota truck. The commercial policy on the Ford truck provided uninsured/underinsured motorist (UM) coverage, and the personal policy on the Toyota truck did not provide UM coverage. In his suit, Mr. Robinson claimed his damages exceeded the amount of Ms. Heard’s liability policy with Imperial and that, consequently, he was asserting a claim against Interstate for UM coverage. On June 16, 1999, the trial court signed a judgment, dismissing Mr. Robinson’s suit against Ms. Heard and Imperial, reserving Mr. Robinson’s rights against Interstate.
Interstate subsequently filed a motion for summary judgment, contending there was no coverage for Mr. Robinson’s damages under the commercial policy issued to cover the Ford truck. According to Interstate, the Toyota truck being driven by Mr. Robinson at the time of the accident was owned by him and, thus, did not qualify as a “temporary substitute” automobile for the insured Ford truck.
13A hearing on the motion was held on November 1, 1999, at which time evidence was introduced and argument was heard. On November 29, 1999, the trial court signed a judgment, granting Interstate’s motion and dismissing Mr. Robinson’s claims with prejudice,
Mr. Robinson appeals from this adverse judgment.[2]
*896 DISCUSSION
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. J. Ray McDermott, Inc. v. Morrison, 96-2337 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753, 754. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750.
Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary judgment. Sanchez v. Callegan, 99-0137 (La.App. 1 Cir. 2/18/00), 753 So.2d 403, 405. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Sanchez, 753 So.2d at 405. However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. An insurer seeking to avoid coverage through summary judgment must prove that some exclusion applies to preclude coverage. Gaylord Chemical Corporation v. Pro-Pump, Inc., 98-2367 (La.App. 1 Cir. 2/18/00), 753 So.2d 349, 352.
|Jn the Interstate commercial policy, the “named insured” appears as “Mike Robinson Enterprises.” The pertinent clause of the policy, the “Temporary Substitute Autos” clause, reads:
SECTION I — COVERED AUTOS
[[Image here]]
C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos
If Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered “autos” for Liability Coverage:
[[Image here]]
3. Any “auto” you do not own while used with the permission of its owner as a temporary substitute for a covered “auto” you own that is out of service because of its:
a. Breakdown;
b. Repair;
c. Servicing;
d. “Loss”; or
e. Destruction.
Mr. Robinson argues on appeal that his Toyota truck qualified as a temporary substitute under the above referenced clause, because Mike Robinson Enterprises did not own the Toyota truck and used it as a substitute when the insured vehicle, the Ford truck, was out of service with a flat tire. Interstate argues that Mike Robinson Enterprises and Mr. Robinson are not separate in identity and that the Toyota truck did not qualify as a temporary substitute because it was owned by Mr. Robinson.
The record demonstrates Mr. Robinson operated his business as a sole proprietorship. In his appellate brief, Mr. Robinson characterizes his business as such. Interstate argues that because there is no legal distinction between a sole proprietorship and the sole proprietor who owns the business, then the named insured in the com *897 mercial policy issued to Mike Robinson Enterprises does not have a separate identity from Mr. Robinson himself.
We agree with Interstate that a sole proprietorship has no legal identity separate from the sole proprietor who owns the business. A sole proprietorship is a “form of business in which one person owns all the assets of the business in contrast to a 1 [¡partnership, trust or corporation.” Black’s Law Dictionary 1392 (6th ed. 1990). A sole proprietorship is not a distinct personality from the sole proprietor, since the sole proprietor is merely an individual person. See Trombley v. Allstate Insurance Company, 93-1669 (La.App. 3 Cir. 6/1/94), 640 So.2d 815, 817.
However, our law recognizes classifications in the insurance industry other than those based on an insured’s status as a natural or juridical person. Pursuant to La. R.S. 22:1404(2)(b), insurance risks may be grouped by classifications for the establishment of rates and minimum premiums, and rates may be established on the basis of any classifications, provided such classifications are found to be reasonable. For example, this court has determined that classifications based on age and gender constitute a reasonable basis for establishing insurance rates. Insurance Services Office v. Commissioner of Insurance, 381 So.2d 515, 517 (La.App. 1 Cir.), writ denied, 382 So.2d 1391 (La.1979). Further, classifications based on the insured’s status as an individual or as a commercial enterprise also exist in the statutory scheme governing the insurance industry. See La. R.S. 22:636.1 and 22:636.4 (addressing methods by which cancelation of certain individual and commercial insurance policies is made). Thus, the fact that there is no legal distinction between Mike Robinson Enterprises and Mr. Robinson does not preclude the existence of Mike Robinson Enterprises and Mr. Robinson as belonging to two distinct classifications of insureds for automobile liability purposes.
In this case, Interstate issued separate insurance policies for different purposes. A commercial policy was issued to “Mike Robinson Enterprises” as the named insured and premiums were paid for coverage on the Ford truck based on Mike Robinson Enterprise’s classification as a business operation. A personal policy was issued to Mr. Robinson himself and premiums were charged for coverage on the Toyota truck based on Mr. Robinson’s classification as an individual. The Toyota truck qualified as a temporary substitute auto for the Ford truck under the commercial policy, because the Toyota truck | ¿was not owned by Mike Robinson Enterprises and was being used as a substitute because the covered auto, the Ford truck, was out of service.
The trial court determined there was no coverage under the commercial policy, because Mike Robinson Enterprises and Mr. Robinson were not distinct legal personalities. Based on this distinction, the trial court granted summary judgment in favor of Interstate. However, as demonstrated by the above discussion, Mike Robinson Enterprises and Mr. Robinson were members of distinct, separate classifications for insurance purposes, despite their legal status as one person, and the trial court erred in granting summary judgment on the latter basis.
DECREE
For the foregoing reasons, the judgment of the trial court is REVERSED, and this matter is REMANDED for further proceedings consistent with this opinion. Costs of this appeal are assessed to Interstate Fire & Casualty Insurance Company.

. Although this opinion does not address each assignment of error individually, it disposes of all issues.