pAMY, Judge.
The plaintiff filed suit alleging that the School Board improperly filled a vacant school bus driver position with another, unqualified candidate. She contends that at the time the hiring decision was made, statutory guidance required that she first be offered the position. The trial court agreed, ordering that the School Board hire the plaintiff. The School Board appeals. For the following reasons, we reverse the judgment of the trial court.
Factual and Procedural Background
At issue is a hiring decision made by the St. Martin Parish School Board to fill a vacant driver position on a school bus route. According to the record, Paulette Bailey held the driver position for Ste-phensville Elementary School for approximately thirty-one years. Marlene Bailey, Paulette’s daughter-in-law and plaintiff in this matter, had been employed as a substitute bus driver on the route. This case arose after Paulette gave notice of her intention to retire. The minutes of the *1267 June 6, 2001 school board meeting indicate approval of Paulette’s retirement, which was to become effective on July 1, 2001. The driver position previously occupied by Paulette was left open.
The minutes of the August 1, 2001 school board meeting indicate that Charlotte Ratcliff was appointed to Paulette’s position as bus driver for the route. Ms. Ratcliffs employment was to become effective August 20, 2001. Ms. Ratcliff points out that she had been pursuing driver certification since 1999 and that, by August 20, 2001, she had completed her training. However, Marlene alleges that Ms. Ratcliff was not, at the time of the August 1st appointment, a certified bus driver nor did she have a commercial driver’s license. As Marlene was the only driver on the approved list of drivers as of the August 1st decision to fill the position, she contends that | ¡.statutes controlling the School Board’s hiring decisions required that the School Board offer her the position.
On August 14, 2001, the District Attorney’s office issued an opinion letter to the School Board, advising that, pursuant to La.R.S. 17:493.1, Ms. Ratcliffs employment was inappropriate. It was recommended that Ms. Ratcliff be placed on leave, with Marlene permitted to assume the position as a substitute operator, and that, at the next school board meeting, Ms. Ratcliffs appointment be rescinded and an offer of permanent employment be extended to Marlene.
The record indicates that in mid-August, Paulette rescinded her retirement, notifying the State of Louisiana School Employees’ Retirement System of her intent. In a letter dated August 22, 2001, and after Ms. Ratcliff had become certified, Paulette informed the School Board through the personnel director as follows: “I recently submitted to your office a request to cancel my July 1, 2001 retirement. After careful consideration, I have decided that it is in my interest to retire effective July 1, 2001. I have informed Retirement Benefits manager, Sharon Schultz of my decision.” The School Board contends, in part, that Paulette’s attempt to resume her employment and subsequent decision to again retire created an opportunity to fill the position anew.
From the period of August 23 through September 5, 2001, Ms. Ratcliff and Marlene rotated driving the bus route. At the School Board meeting of September 5, 2001, the issue was raised and discussion was held regarding potential safety issues related to Marlene’s history of driving as a substitute driver. The School Board rescinded the appointment of Ms. Ratcliff to the driver’s position. The School Board |3then reappointed Ms. Ratcliff to the position. The hiring decision was ratified by the School Board at its November 7, 2001 meeting.
Marlene filed a Mandamus Petition on September 27, 2001, requesting that the trial court order the School Board to appoint her to the driver’s position. The parties filed cross-motions for Judgment on the Pleadings or, in the Alternative, for Summary Judgment. The plaintiffs motion was granted, with the trial court concluding that the School Board was not required to fill the vacant position on August 1, 2001, but because it chose to do so, it was required to fill the position on that date in accordance with La.R.S. 17:493.1. The trial court determined that, because the plaintiff was the only driver qualified on August 1st, the statute required that she be appointed to the position.
The School Board appeals, arguing that the trial court erred in granting the summary judgment of the plaintiff and in denying its summary judgment by:
1. Failing to find that the School Board had the discretion to appoint ei *1268 ther qualified person, Ms. Ratcliff or Ms. Bailey, on September 5, 2001.
2. Failing to find that the School [B]oard’s rescission of its August 1, 2001 appointment of Ms. Ratcliff made that action a nullity, thereby returning the School Board to its original position where it could exercise its discretion either to (a) take up to a year to decide whom to appoint as a bus driver or (b) appoint any then qualified applicant.
3. Failing to find that Plaintiffs mother-in-law, Paulette Bailey, rescinded her retirement after Ratcliff was appointed to succeed her and did not reinstate her retirement until her letter to personnel director, David Dugas, on August 22, 2001 — by which date Charlotte Ratcliff was a certified substitute bus driver on the approved list for St. Martin Parish.
4. Failing to find that the [SJchool [B]oard had the discretion — if not the duty — to consider an applicant’s bad pri- or bus driving safety record as one sufficient reason not to employ her as a permanent bus driver.
| ¿5. Failing to recognize the School [B]oard’s legitimate prerogative not to vest a substitute bus driver who had exhibited inadequate safety performance with permanent status as a bus driver where she could then acquire tenure rights making her dismissal for subsequent safety lapses much more difficult.
6. Issuing a mandamus requiring an elected school board to appoint a specific bus driver when the board had the discretion either not to make any appointment or to appoint any qualified applicant.
7. Judicially, supplanting the constitutional authority of elected school board members to use their personal knowledge of the attributes of personnel applying for bus driving positions to determine who should be appointed.
Discussion
Although framed by the School Board as separate assignments of error, the essential question before this court is simply, whether summary judgment was appropriately entered by the trial court, ie., whether the School Board was required, under La.R.S. 17:493.1, to appoint the plaintiff. The statute provides, in part, as follows:
§ 493.1 Filling route vacancies
A. (l)(a) Whenever a school bus operator is needed to drive a new route or a route vacated by a previous operator, the school bus operator who is tenured and has acquired the greatest seniority shall be offered the opportunity to and may change from driving his route to the vacant route before another operator is selected.
(b) If the tenured bus operator with the greatest seniority chooses not to change to the vacant route, the route shall then be offered in order of seniority to a school bus operator who has acquired tenure.
(c) If no tenured operator chooses to change to the vacant route, the route shall then be offered to a full-time probationary bus operator.
(d) If no regular bus operator, tenured or probationary, chooses to change to the vacant route, then a substitute bus operator shall be selected for the position from a list of approved substitute school bus operators.
|k(2) If a regular bus operator chooses to change routes as provided in this Section, then his vacant route shall be filled using the process described in this Subsection. •
B. A substitute operator shall not be used to fill a route vacancy except as provided in R.S. 17:500(C)(2)(b) and (c).
C. Only if a city or parish school board is required, in filling a vacant *1269 route pursuant to Subsection A of this Section, to bear an increase in unreim-bursed costs for nonpassenger miles over those attributable to the previous operator who vacated the route, may a school system select an operator to fill the vacant route on a different basis.
It is La.R.S. 17:493.1(A)(l)(d) that the plaintiff argues is applicable to her situation.
The trial court considered the evidence presented by the parties in their cross-motions for summary judgment and concluded that the requirements of the above-statute mandated that the motion of the plaintiff be granted. The court reasoned that the school board was not required to fill the driver’s position on August 1st, but because it chose to do so, it was required to choose a driver from the approved list. As of August 1st, the plaintiff was the only name on the list and, therefore, she was the only potential candidate for the position. The trial court discounted the School Board’s subsequent dismissal of Ms. Rat-cliff and the School Board’s attempt to rehire her. The trial court explained:
By attempting to rectify their actions of August 1st, the School Board allowed Charlotte Ratcliff time to qualify. This is clearly in violation of 17:493.1. The School Board could have easily avoided this dilemma by not filling the bus driver’s position until after Charlotte Rat-cliff was qualified. By choosing to fill the position, the School Board was limited in its choices.
Finding the plaintiff the only candidate from which the School Board could choose, the trial court granted the motion for summary judgment in favor of the plaintiff and denied that filed by the School Board.[1]
|fiAn appellate court reviews summary judgments de novo, and makes its determination as to the appropriateness of the trial court’s decision using the same criteria considered below. Robinson v. Heard, 01-1697 (La.2/26/02); 809 So.2d 943. La. Code Civ.P. art. 966 provides, in part:
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. For good cause, the court shall give the adverse party additional time to file a response, including opposing affidavits or depositions. The adverse party may serve opposing affidavits, and if such opposing affidavits are served, the opposing affidavits and any memorandum in support thereof shall be served pursuant to Article 1313 at least four days prior to the date of the hearing unless there are local rules of court to the contrary. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, a motion which shows there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
*1270 (2) The burden or proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Our review of the parties’ submissions indicates little in the way of the unresolved issues of fact. Instead, the unresolved issues are those of law. Although |7the School Board raised issues related to concerns members had over whether the plaintiff had a history of safe operation of the school bus, these factors do not appear to be raised by the members until the meeting of September 5, 2001. It appears that, as of the August 1st hiring date, Marlene was the only candidate for employment pursuant to La.R.S. 17:493.1 as Ms. Ratcliff did not yet have her certification. However, Marlene was not chosen. Whether by intent or by innocent omission, the statute was not followed on that date. We have no way of knowing whether the School Board would have appointed the plaintiff to the position had it known that she was the only possible candidate under the statute or whether the School Board would have waited for another candidate to become qualified so that it could have a choice.
After the School Board became aware of its error, however, it attempted to rectify the erroneous decision. At the time it did so, at the September 5, 2001 meeting, it was able to choose from two qualified candidates, the plaintiff and Ms. Ratcliff, who had recently completed her training and certification. Again, it chose Ms. Ratcliff. The plaintiff argues that by permitting the School Board to rectify its error after another candidate was qualified, it is able to manipulate the statute and wait until favored candidates become certified. We do not necessarily disagree with such an observation, but we are also aware that this same type of manipulation is possible since it was not required to fill the position until its choice of candidates could become certified and placed on the list so that it might have a choice. If the School Board was aware that the plaintiff was the only candidate it could have chosen on August 1st, it may have chosen to not fill the position. These are decisions and considerations not available to the appellate court and not under the control of La.R.S. 17:493.1. Accordingly, we find that the trial court erred in granting the |smotion for summary judgment filed by the plaintiff and in denying that filed by the School Board.
DECREE
For the foregoing reasons, the summary judgment entered in favor of the plaintiff, Marlene Bailey, is reversed and the motion for summary judgment filed by the defendant, St. Martin Parish School Board is granted. All costs of these proceedings are assessed to the plaintiff, Marlene Bailey.
REVERSED AND RENDERED.

. The judgment issued reads, in part, as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Marlene Bailey is granted and that the request for a Writ of Mandamus herein by Marlene Bailey be made peremptory and the St. Martin Parish School Board, including its President and Council Members ... are hereby ordered to comply with State law and appoint the plaintiff, MARLENE BAILEY, as a permanent probationary bus driver to fill the vacant school bus route caused by the retirement of Paulette Bailey, retroactively to August 1, 2001, and to pay all costs of court herein.