# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-197


**PAUL D. MOREAU, ET UX.**

**VERSUS**

**MARY MORGAN MCKENZIE, ET AL.**


**\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 233,273
HONORABLE GEORGE CLARENCE METOYER JR., DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\***


**BILLY HOWARD EZELL**
**JUDGE**


**\*\*\*\*\*\*\*\*\***


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Shannon J. Gremillion, Judges.


**AFFIRMED.**


**Fred Andrew Pharis**
**Pharis & Pharis**
**831 DeSoto Street**
**Alexandria, LA 71301**
**(318) 445-8266**
**Counsel for Plaintiffs/Appellants:**
**Paul D. Moreau**
**Anna Brasher Moreau**

**Rodney Marchive Rabalais**
**Rabalais & Roy**
**P. O. Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**Counsel for Defendants/Appellees:**
**Priscilla Morgan Goudeau**
**Mary Morgan McKenzie**

**Randall Brian Keiser**
**Keiser Law Firm**
**P.O. Box 12358**
**Alexandria, LA 71315-2394**
**(318) 443-6168**
**Counsel for Defendant/Appellee:**
**Continental Casualty Company**

**EZELL, JUDGE.**

In this matter, Paul and Anna Moreau appeal the trial court's ruling granting Kelly Ducote's motion for summary judgment and dismissing their claims against her. For the following reasons, we affirm the decision of the trial court.

In April 2008, the Moreaus purchased a home in Alexandria, Louisiana from Mary McKenzie and Priscilla Goudeau (the sellers). Ms. Ducote served as a real estate agent for both parties. As part of the sale, Ms. Ducote and the sellers presented the Moreaus with a property disclosure form which indicated that the home's roof leaked "and was replaced in 1998/99 [sic] all new decking & felt replaced with 70 yr. clay tile." The sellers attested on the document that the information provided was correct. The Moreaus were advised twice by Ms. Ducote in writing to secure a home inspection, which they did. The resulting inspection placed the roof at an age of six to ten years, with a few problems of "minor concern." The Moreaus purchased the home despite these concerns. The act of sale stated two separate times that the sale was "as is" and without warranty. The sale further set forth that Ms. Ducote issued no warranty as to the home or its condition.

After the sale was completed, the Moreaus sought to repair a few broken roof tiles. At that time, they learned that the tiles on the roof had not been manufactured for several decades, meaning the entire roof had not been ten years old as they had previously thought. In fact, during the 1998-99 repairs, the ceramic roof tiles were removed, the underlying deck and felt completely replaced, and the seventy-year-old tiles laid back down. The Moreaus filed the current suit against Ms. Ducote, her insurer, and the sellers for redhibition and damages. All redhibition claims against Ms. Ducote were dismissed by a prior judgment on exception, which has not been appealed. Ms. Ducote then filed a motion for

1

summary judgment seeking the dismissal of the remaining claims against her, arguing the Moreaus had presented no evidence to support their remaining claims of fraud and negligent misrepresentation. The trial court agreed, granting Ms. Ducote's motion and dismissing the Moreaus' claims. From this decision, the Moreaus appeal.

The Moreaus assert one assignment of error, that the trial court erred in dismissing their claims against Ms. Ducote and her insurer. We disagree.

Louisiana Code of Civil Procedure Article 966(B) provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions on file and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. The Louisiana Supreme Court discussed the standard applicable to appellate review of summary judgments in *Robinson v. Heard*, 01-1697, pp. 3-4 (La. 2/26/02), 809 So.2d 943, 945:

> A reviewing court examines summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hospital, Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750. A reviewing court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Smith*, 639 So.2d at 750.

While the initial burden of proof is on the mover to show that no genuine issue of material fact exists, if he will not bear the burden of proof at trial on the issue that is presented by the motion for summary judgment, he is not required "to negate all essential elements" of his opponent's claim but need only point out "that there is an absence of factual support for one or more elements essential" to his opponent's action. La.Code Civ.P. art. 966(C)(2). If the opponent "fails to

produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id.*

In *Waddles v. LaCour*, 06-1245, p. 5 (La.App. 3 Cir. 2/7/07), 950 So.2d 937, 942, *writs denied*, 07-827, 07-882 (La. 6/22/07), 959 So.2d 496, 498 (citations omitted)(quoting *Osborne v. Ladner*, 96-863, p. 16 (La.App. 1 Cir. 2/14/97), 691 So.2d 1245, 1257), this court discussed the duties of a real estate broker or agent:

> A purchaser's remedy against a real estate broker is limited to damages for fraud under LSA-C.C. art. 1953 *et seq.* or for negligent misrepresentation under LSA-C.C. art. 2315. The action for negligent misrepresentation arises *ex delicto*, rather than from contract. In order for a plaintiff to recover for negligent misrepresentation, there must be a legal duty on the part of the defendant to supply correct information, a breach of that duty, and damage to the plaintiff caused by the breach. A real estate broker or agent owes a specific duty to communicate accurate information to the seller and the purchaser and may be held liable for negligent misrepresentation. However, the duty to disclose any material defects extends only to those defects of which the broker or agent is aware.

The record before this court contains no evidence whatsoever of any negligent misrepresentation on the part of Ms. Ducote, let alone any actions that rise to fraud. The Moreaus admit in their deposition testimony that they have no witnesses, evidence, or factual basis for their belief that Ms. Ducote knew any of the information she put on the disclosure form was false or misleading. The sellers both testified that Ms. Ducote correctly put the information they told her on the disclosure form. Moreover, that form included an attestation signed by the sellers that the information contained therein was correct. The disclosure form was signed or initialed by the sellers on every page. Ms. Ducote testified that she put the information down directly as worded by the sellers. While this testimony is self-serving, it is not disputed by the Moreaus. The Moreaus admit they have never even spoken to the seller to determine any culpability on the part of Ms. Ducote.

3

Further, when asked why she felt Ms. Ducote should have known the age of the roof when the home inspector examining the house thought the roof was six to ten years old, Mrs. Moreau stated that she "[didn't] expect that [Ms. Ducote] would have known," as she was not an expert as to roofing.

The Moreaus have offered nothing into the record other than their own speculative conjecture that Ms. Ducote breached her duty to them. The Moreaus simply believe they were lied to, but offer no proof, and even admit they do not know by whom. There is no genuine issue of material fact in the record before this court, and the trial court was correct in its ruling that summary judgment was appropriate in this matter.

For the above reasons, the ruling of the trial court is hereby affirmed. Costs of this appeal are assessed against the Moreaus.

**AFFIRMED.**