McKAY, J.,
concurs in part and dissents in part with reasons.
|,I concur with the majority opinion in so far as it concerns National Union and Republic. However, I respectfully dissent and would affirm the trial court’s granting of summary judgment in favor of the plaintiffs and against U.S. Fire.
The majority is correct that the U.S. Fire policy unambiguously provided personal injury liability (PIL) coverage without limitation. The policy at issue in this case is a form contract drafted by U.S. Fire and it lacks an explicit aggregate cap for PIL coverage. Insurers are free to limit their coverage but their limitations must be clear and explicit.
It has become well-settled law in the field of insurance that words and phrases employed in a contract of insurance are to be construed, interpreted and defined in their ordinary and popular sense, rather than in a technical, philosophical or limited sense; that such words and phrases are to be construed liberally in favor of the policyholder and that all ambiguities are likewise to be resolved in favor of the policyholder. Carney v. American Fire & Indent. Co., 371 So.2d 815, 818 (La.1979). “[Pjolicy language extending coverage is broadly interpreted, while policy language excluding coverage is restrictively interpreted.” Pinell v. Patterson Services, Inc., 481 So.2d 594, 596 (La.1986). If “the words of | ga contract are clear and explicit and lead to no absurd consequences, no further interpretation” is necessary. See La. C.C. art. 2047. As the majority has stated, U.S. Fire’s policy unambiguously provided PIL coverage without limitation.
Reformation should not be applied in this case. The whole concept of reformation is actually somewhat alien to our civilian tradition. Courts are prohibited from taking parol evidence to explain or contradict the insurance contract’s clear meaning. Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024.
In Louisiana, summary judgment is favored and should be construed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). When a contract is not ambiguous or does not lead to absurd consequences, its interpretation is a question of law for a court to decide. Am. Deposit Ins. Co. v. Myles, 2000-2457 (La.4/25/01), 783 So.2d 1282, 1286. Furthermore, the interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. Robinson v. Heard, 2001-1697 (La.2/26/02), 809 So.2d 943, 945. In the instant case, the U.S. Fire policy unambiguously provides PIL coverage without limitation. Accordingly, summary judgment was appropriate as to U.S. Fire.