DREW, J.
hln this suit on an open account, a default judgment was granted against an elderly mother, Betty Bartlett, and her daughter, Betty Best, ordering them to pay the amount owed as well as attorney fees.
Best filed a motion for new trial and/or nullity of judgment in which she contended that the account belonged to her mother and that she was not responsible for the debt owed to Aron’s Pharmacy. Best also contended that after being served with the lawsuit, she spoke with the pharmacy’s attorney, who told her that he would have her removed from the lawsuit, and as a result, she took no further actions regard *70 ing the lawsuit. The trial court denied the motion for new trial and dismissed the motion for nullity of judgment without prejudice. Best has appealed. Bartlett, who is unrepresented by counsel, has not appealed.
We vacate the default judgment insofar as it affects the daughter and remand for further proceedings.
DISCUSSION
Best argues on appeal that a judgment could not be granted in favor of Aron’s Pharmacy as it is not a legal entity.
La. C.C.P. art. 681 states, “Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.” Comment (b) to art. 681 states that the article serves as the basis for the peremptory exception of no right of action. This court may notice the absence of a right of action on its own motion. La. C.C.P. art. 927(B).
|gA proper analysis of an exception of no right of action requires a court to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. La. C.C.P. art. 927; Howard v. Administrators of Tulane Educ. Fund, 2007-2224 (La.7/1/08), 986 So.2d 47. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit; it assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Reese v. State Dept. of Public Safety and Corrections, 2003-1615 (La.2/20/04), 866 So.2d 244.
The analysis for the exception of no right of action begins with the pleadings. Howard, supra. The petition in this matter starts by stating that Aron’s Pharmacy is a sole proprietorship.
A sole proprietorship is not a legal entity, but is merely a designation assigned to a manner of doing business by an individual. While the individual involved in the sole proprietorship may consider the business to be separate and distinct from his/her person, there exists no legal distinction between the individual and the business. Robinson v. Heard, 2001-1697 (La.2/26/02), 809 So.2d 943; Tedeton v. Tedeton, 46,901 (La.App.2d Cir.2/8/12), 87 So.3d 914.
La. C.C.P. art. 687 states, “A person who does business under a trade name shall sue in his own name to enforce a right created by or arising out of the doing of such business.” Clearly, Aron’s Pharmacy was without a right of action to bring this lawsuit. The suit should have been filed in the | -¡name of Carl Aron, the owner of the pharmacy. Accordingly, we supply the exception of no right of action in this matter and vacate the default judgment.
La. C.C.P. art. 934 allows for a judgment sustaining a peremptory exception to order an amendment of the petition when the grounds of the objection pleaded by the exception may be removed by such amendment. The grounds for objection could be removed by making Carl Aron the party plaintiff. Therefore, we remand this matter to the trial court and grant Aron’s Pharmacy leave of court to amend the petition to substitute Carl Aron as party plaintiff. Of course, Best will be allowed the legal delays under La. C.C.P. art. 1001 and 1151 to file an answer to the amended petition.
DECREE
At Aron’s Pharmacy’s costs, we vacate the default judgment insofar as it affects *71 Betty Best and remand for further proceedings. The judgment remains final as to Betty Bartlett.
VACATED IN PART AND REMANDED.