NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-905

PATRICK CUMMINS

VERSUS

R.A.H. HOMES, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2016-4264
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

**Cle' Simon**
**Simon Law Offices**
**P. O. Box 52242**
**Lafayette, LA 70505**
**(337) 232-2000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Patrick Cummins**

**Keely Y. Scott**
**Leigh F. Groves**
**Kaitlin J. Dyer**
**Donohue, Patrick & Scott, PLLC**
**450 Laurel Street, Suite 1600**
**Baton Rouge, LA 70801**
**(225) 214-1908**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**United Specialty Insurance Company**
**R.A.H. Homes, L.L.C.**

**Timothy W. Hassinger**
**Galloway, Johnson, Tompkins, Burr & Smith**
**3 Sanctuary Boulevard, 3rd Floor**
**Mandeville, LA 70471**
**(985) 674-6680**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Seneca Specialty Insurance Company**

**J. Quentin Simon**
**J. Minos Simon, LTD**
**P. O. Box 52851**
**Lafayette, LA 70505**
**(337) 235-3200**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Patrick Cummins**

**Phillip E. Foco**
**Bienvenu, Bonnecaze, Foco, Viator & Holinga, APLLC**
**4210 Bluebonnet Boulevard**
**Baton Rouge, LA 70809**
**(225) 388-5600**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Stonetrust Commercial Insurance Company**

**John Wayne Laurents**
**In Proper Person**
**513 Herbert Road**
**Lafayette, La 70506**
**(337) 212-6121**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**John Wayne Laurents**

**SAUNDERS, Judge.**

This is a Workers Compensation case in which we must decide whether the Defendant/Principal is entitled to tort immunity under the two-contract theory as provided in La.R.S. 23:1061(A)(2). Defendant entered into a contract with homeowners to build a single-family residence, which contemplated or included the installation of an HVAC system in the attic of the residence. Defendant subcontracted the installation of the HVAC system. Subcontractor hired Plaintiff as a laborer to fulfill its contract with Defendant. Plaintiff was injured while performing the tasks required by Defendant's contract with the Homeowners. As a result, Plaintiff sued several defendants, including this Defendant in tort.

Defendant filed responsive pleadings generally denying the claims and allegations of Plaintiff and asserting various affirmative defenses, including the defense of statutory employer immunity.

After written discovery was exchanged between the parties, Defendant filed a Motion for Summary Judgment requesting that Plaintiff's claims against it be dismissed. The trial court granted Defendant's motion and dismissed Plaintiff's claim with prejudice.

Plaintiff now appeals the trial court's ruling. His argument is that there are genuine issue of material fact as to whether Defendant is a statutory employer and as such, immune from tort liability.

**FACTS AND PROCEDURAL HISTORY:**

In August 2013, Paul and Nicole Stutes ("Homeowners") hired Defendant, R.A.H. Homes and Construction, LLC, ("R.A.H."), to build a single-family residence which contemplated or included the installation of an HVAC system in the attic of the residence. R.A.H. hired John Wayne Laurents, d/b/a John Wayne Construction ("Laurents"), to install the attic door at the residence. R.A.H. also

entered into a subcontract agreement with United Mechanical Contractors, LLC ("United") to install the ("HVAC") system. To fulfill its contract with R.A.H., United hired Plaintiff, Patrick Cummins ("Cummins"). While performing the tasks required by R.A.H.'s contract with the Homeowners, Cummins was descending the attic access ladder when the frame and ladder separated from the attic opening, causing him to fall to the floor, resulting in serious injuries.

Cummins sued R.A.H., its insurer, United, and others. Cummins alleges that R.A.H. and its employees are directly responsible for the improper installation of the attic ladder which created an unreasonably dangerous condition; that R.A.H. and its employees knew or should have known that the screws used to secure the ladder assembly to the cased opening were inadequate to support the ladder assembly; that the improperly installed ladder assembly caused Cummins to fall to the ground and sustain serious injuries; and that R.A.H. is liable in tort to Cummins.

R.A.H. filed a Motion for Summary Judgment based on its affirmative defense of statutory employer immunity under La.R.S. 23:1032 and 23:1061. R.A.H. also filed a memorandum in support of its Motion for Summary Judgment.

Cummins filed an opposition to R.A.H.'s Motion for Summary Judgment. Cummins also filed a sur-reply to R.A.H.'s memorandum in support of its Motion for Summary Judgment.

On May 22, 2017, R.A.H.'s Motion for Summary Judgment was heard. Following oral arguments, the trial court granted R.A.H.'s Motion for Summary Judgment and dismissed Cummins claims with prejudice.

On June 16, 2017, the trial court signed the Judgment granting R.A.H.'s Motion for Summary Judgment. The trial court did not issue any written reasons in connection therewith.

2

Cummins timely filed a motion for devolutive appeal. Pursuant to that motion, Cummins is presently before this court alleging two assignments of error.

## ASSIGNMENTS OF ERROR:

1. Under La. R.S. 23:1061(A)(3), "a statutory relationship shall not exist . . . unless there is a written contract . . . which recognizes the principal as a statutory employer." There is no such contract recognizing R.A.H. as a statutory employer. Accordingly, the trial court erred in granting R.A.H.'s motion for summary judgment based on statutory employer immunity.

2. Under La. Civil Code. art. 1971, "[p]arties are free to contract for any object that is lawful, possible, and determined or determinable." By contract, R.A.H. agreed that it would not be responsible for workers' compensation payments to Cummins, and it was not Cummins' employer. For this additional reason, the trial court erred in granting R.A.H.'s motion for summary judgment based on statutory employer immunity.

## ASSIGNMENT OF ERROR NUMBER ONE:

We will address assignment of error number one because the crux of the matter is whether La.R.S. 23:1061(A)(3), is outcome determinative. Cummins contends that the lack of a written contract expressly recognizing R.A.H. as Cummins statutory employer precludes R.A.H. from asserting an affirmative defense of statutory employer immunity under this statute. We disagree.

In *Bankston v. LSU Health Services Center*, 09-1334, p. 3 (La.App. 3 Cir. 4/1/09), 7 So.3d 170, this court discussed the standard of review to be employed by an appellate court when reviewing a motion for summary judgment filed in a workers' compensation case:

> A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination" of actions. La.Code Civ.P. art. 966(A)(2). The supreme court in *Bonin v. Westport Ins. Corp.*, 05–0886, p. 4 (La.5/17/06), 930 So.2d 906, 910, stated:

> This court reviews a grant or denial of a motion for summary judgment de novo. *Schroeder v. Board of Supervisors of Louisiana State University*, 591 So.2d 342, 345 (La.1991). Thus, this court asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Robinson v. Heard*, 01–1697, pp. 3–4 (La.2/26/02), 809 So.2d 943, 945.

In granting R.A.H.'s Motion for Summary Judgment, the trial court stated:

> Well, I think it's clear that subsection 3 [of La.R.S. 23:1061(A)] doesn't apply and section 2 is met. So, I'm going to grant the Motion for Summary Judgment.

The Louisiana Workers' Compensation Act provides that, generally, workers' compensation is the exclusive remedy for work-related injuries. *See* La. R.S. 23:1032. The exclusive remedy provision of the workers' compensation statute precludes an employee from filing a lawsuit for damages against his employer or any principal. *See* La.R.S. 23:1032(A). Moreover, a "principal" is defined in La.R.S. 23:1032(A)(2) as:

> . . . any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

Louisiana Revised Statutes 23:1061, (emphasis added), in pertinent part provides:

> A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 . . .
>
> (2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or

4

included in a contract between the principal and any person or entity other than the employee's immediate employer.

(3) **Except in those instances covered by Paragraph (2) of this Subsection**, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

What is crucial is that R.A.H. has based its affirmative defense of statutory employer immunity on La. R.S. 23:1061(A)(2), which Cummins completely ignores, just as he ignores the introduction to §3 of La. R.S. 23:1061(A), which states: "Except in those instances covered by Paragraph (2) . . .", which, in this particular case, renders the remainder of §3, irrelevant.

R.A.H. contends that there are two basis for finding statutory employment: (1) pursuant to La.R.S. 23:1061(A)(2), being a principal in the middle of two contracts referred to as the "two-contract theory," or (2) pursuant to La.R.S. 23:1061(A)(3), the existence of a written contract recognizing the principal as the statutory employer. As such, R.A.H. contends that the former conferred a statutory relationship to it when R.A.H., as principal, entered into two separate contracts, one with the Homeowners, and one with the subcontractor, in which the work or services provided by the immediate employer, i.e., the subcontractor, was contemplated by or included in a contract between R.A.H. and the Homeowners. R.A.H. further contends that because Section 23:1061(A)(3) does not apply to Section 23:1061(A)(2), "a written contract is neither necessary nor required for a

statutory employee relationship to exist in a two-contract situation." See *Maddox v. Superior Steel,* 2000-1539 (La.App. 1st Cir. 09/28/01), 814 So.2d 569.

In the instant matter, our review of the record reveals that: (1) R.A.H. entered into a contract with the Homeowners to build a single-family residence which contemplated or included the installation of an HVAC system in the attic of the residence; (2) R.A.H. entered into a subcontract agreement with United to install the HVAC system; (3) United hired Cummins to fulfill its contract with R.A.H.; (4) United was Cummins immediate employer; (5) the work or services provided by United was contemplated by or included in a contract between R.A.H. and the Homeowners. As such, we find that a statutory relationship exists between R.A.H. and Cummins under the two-contract theory. Accordingly, we affirm the trial court's judgment on this issue and find that the trial court's granting of R.A.H.'s Motion for Summary Judgment was proper.

**ASSIGNMENT OF ERROR NUMBER TWO:**

In his second assignment of error Cummins contends that under La.Civ. Code. art. 1971, "[p]arties are free to contract for any object that is lawful, possible, and determined or determinable." Cummins further contends that by contact, R.A.H. agreed that it would not be responsible for workers' compensation payments to Cummins, thus it was not Cummins employer. Finally, Cummins contends that the trial court erred in granting R.A.H.'s motion for summary judgment based on statutory employer immunity. Our finding in assignment of error number one, that R.A.H. is entitled to statutory immunity from a tort suit, by virtue of the two-contract theory, pretermits a finding in this assignment of error.

6

## CONCLUSION:

Patrick Cummins asserts two assignments of error as to why the trial court erred in granting R.A.H.'s Motion for Summary Judgment. Finding no merit to Mr. Cummins first assignment of error that R.A.H. is not Mr. Cummins' statutory employer pursuant to La.R.S. 23:1061(3), we affirm the trial court's ruling on this issue. Our finding in assignment of error number one that R.A.H. is Mr. Cummins' statutory employer pursuant to La.R.S. 23:1061(A)(2), pretermits a finding in this assignment of error.

Costs of these proceedings are assessed to Patrick Cummins.

**AFFIRMED.**