753 So.2d 403 (2000)
Ronald J. SANCHEZ, II and Mona P. Sanchez, Individually and on Behalf of Their Minor Child, K.L.S.
v.
Curtis CALLEGAN, Jr. and Jill Gregoire Callegan.
No. 99CA0137.
Court of Appeal of Louisiana, First Circuit.
February 18, 2000.
*404 Malcolm J. Dugas, Jr., Lloyd A. Capello, Jr., Gonzales, for Plaintiffs-Appellants.
Lindsey J. Leavoy, Baton Rouge, for Defendant-Appellee.
Before: FOIL, WHIPPLE, and GUIDRY, JJ.
GUIDRY, J.
Appellants, Ronald J. Sanchez, II and Mona P. Sanchez, individually and on behalf of their minor child, Kayla L. Sanchez, appeal the trial court's grant of summary judgment in favor of appellee, Audubon Insurance Company. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On or about March 9-10, 1996, appellants' daughter, K.L.S., was a guest in the home of Curtis Callegan, Jr. and Jill Gregoire Callegan. While staying in the Callegan home, K.L.S. was sexually molested by Mr. Callegan.
Prior to the incident in question, appellee issued a policy of insurance to the Callegans covering their mobile home, which policy was in effect on March 9 and 10, 1996. Section 2 of the policy contains the following exclusions from coverage.
1. Coverage EPersonal Liability and Coverage FMedical Payments to Others We do not cover bodily injury or property damage:
a. Which is expected or intended by the insured person.
* * * * * *
c. Arising out of communicable diseases or sickness as may have been transmitted by you or any insured person or as may have arisen from your or any person's activities. Such coverages also do not apply to Bodily Injury or Property Damage arising out of any sexual act, including, but not limited to, assault, molestation, abuse, incest or rape.
A petition for damages was filed by appellants against the Callegans on March 3, 1997. In response thereto, the Callegans filed an answer and Mrs. Callegan filed a peremptory exception of no cause of action on March 19, 1997. On May 13, 1997, appellants filed a supplemental petition adding appellee as a defendant in the lawsuit.
On July 16, 1997, appellee filed a motion for summary judgment. On November 12, 1997, appellants filed a motion for partial summary judgment, which motions were heard on that date.[1] Both motions sought resolution of the question of whether the mobile home homeowner's insurance policy issued by appellee excluded coverage for any damages sustained by appellants. Two judgments were signed by the court on December 3, 1997. The first judgment denied appellants' motion for partial summary judgment, and the second judgment granted appellee's motion, dismissing appellee from the suit with prejudice. By motion of appellants, an order granting a devolutive appeal from the denial of appellants' motion for partial summary judgment was signed on January 20, 1998. However, after the appeal was lodged, this court issued a rule to show cause on January 25, 1999 as to why the appeal should not be dismissed on the grounds that a partial judgment is not appealable. Thereafter, the parties filed a joint motion to designate the judgment as final, and on February 11, 1999, an order designating *405 the December 3, 1997 judgment as final was signed.
On appeal, appellants assert the following assignment of error: the trial court erroneously granted appellee's motion for summary judgment and denied appellants' motion for summary judgment.

DISCUSSION
On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1st Cir.11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, XX-XXXX-XX (La.2/13/98), 709 So.2d 753, 754. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 26 (La.7/5/94), 639 So.2d 730, 750.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Rambo v. Walker, 96-2538, p. 4 (La.App. 1st Cir.11/7/97), 704 So.2d 30, 32. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966(A)(2).
The burden of proof is on the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. LSA-C.C.P. art. 966(C)(2).
Interpretation of an insurance contract is usually a legal question which can be properly resolved in the framework of a motion for summary judgment. Madden v. Bourgeois, 95-2354, p. 3 (La.App. 1st Cir.6/28/96), 676 So.2d 790, 792. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. Alford v. Kaiser, 589 So.2d 546, 548 (La. App. 1st Cir.1991), writ denied, 594 So.2d 893 (La.1992). However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed facts shown by the evidence supporting the motion, under which coverage could be afforded. Gaspard v. Northfield Insurance Company, 94-510, 94-511, p. 3 (La. App. 3rd Cir.11/2/94), 649 So.2d 979, 981, writ denied, 94-2906 (La.2/9/95), 650 So.2d 1166.
On appeal, appellants assert that as to exclusion (1)(a), they do not allege that Ms. Callegan ever "expected or intended" bodily injury to Kayla. Furthermore, appellants argue that as to exclusion (1)(c), they have not alleged that Ms. Callegan performed any sexual act. Thus, according to appellants, these exclusions do not apply to Ms. Callegan's negligent conduct. Appellee, on the other hand, argues that under both the "arising out of any sexual act" exclusion and the "expected or intended act" exclusion, there is no coverage for the allegations against Ms. Callegan.
We first note that appellants have cited several cases from other jurisdictions as persuasive authority in support of their *406 arguments. However, the pivotal issues in Doe v. Franklin, 930 S.W.2d 921 (Tex. App.El Paso 1996), and J.S. v. R.T.H., 301 N.J.Super. 150, 693 A.2d 1191 (1997), aff'd, 155 N.J. 330, 714 A.2d 924 (1998), are distinguishable from the critical issue for determination in the present case. These two cases were concerned with the question of whether an individual can be held liable for her failure to protect a minor child from sexual abuse by a third person that the individual knew or should have known had the propensities for this type of behavior. Whereas, in the present appeal, the question is not whether Ms. Callegan can be held liable for such actions, but whether the policy of insurance issued by appellee covers such actions in the event Ms. Callegan is held liable.
Appellants also point this court's attention to the unpublished decision of Westfield Companies v. Kette by the Ohio Court of Appeals as additional support for its argument. However, appellants fail to note that the decision was reversed by the Supreme Court of Ohio on the authority of Cuervo v. Cincinnati Insurance Company, 76 Ohio St.3d 41, 665 N.E.2d 1121 (1996). Westfield Companies v. Kette, 77 Ohio St.3d 154, 672 N.E.2d 166 (1996). According to the Supreme Court of Ohio,
incidents of intentional acts of sexual molestation of a minor do not constitute "occurrences" for purposes of determining insurance coverage; ... intent to harm inconsistent with an insurable incident is properly inferred as a matter of law from deliberate acts of sexual molestation of a minor; and ... public policy of the state of Ohio, which prohibits the issuance of insurance to indemnify damages flowing from intentional torts, precludes issuance of insurance to provide liability coverage for injuries resulting from intentional acts of sexual molestation of a minor.
Cuervo, 76 Ohio St.3d at 43, 665 N.E.2d at 1122. Likewise, the Ohio Supreme Court held that any damages that flow from such intentional acts of sexual molestation of a minor are precluded from coverage as well. Cuervo, 76 Ohio St.3d at 44, 665 N.E.2d at 1122-23. Thus, reliance on Westfield Companies would defeat appellants' argument in favor of coverage.
Finally, appellants cite to Hanover Insurance Co. v. Crocker, 688 A.2d 928 (1997). In Crocker, the insurer sought a declaration that it had no duty to defend or indemnify in a suit by the daughter of the insureds against the insured-mother for negligently failing to take steps to prevent the insured-father from sexually abusing the daughter. The insurer relied on three separate theories as the basis for its argument that it had no duty to defend or indemnify. According to the insurer, "1) the allegations against [the mother did] not constitute an `occurrence' under the insurance policy, 2) the policy's exclusion for injuries expected or intended from the standpoint of the insured applie[d] to the injuries [the daughter] allege[d] that she suffered, and 3) there is a strong public policy disfavoring insurance coverage for injuries resulting from sexual abuse." Crocker, 688 A.2d at 930.
The court, however, determined that injuries resulting from negligent conduct are "accidents" and thus fall under the definition of occurrences which excludes "expected or intended" conduct. The court also determined that the "expected or intended" exclusion did not apply because the allegations were that the insured-mother acted negligently. Finally, the court rejected the public policy argument determining that public policy did not prohibit insurance coverage for an insured whose negligence contributed to an injury from sexual abuse. Crocker, 688 A.2d at 931-32. Thus, while Crocker may be persuasive as to the "expected or intended" exclusion, it does not speak to the "arising out of any sexual act" exclusion. Therefore, although we have considered Crocker, it is of no consequence to our ultimate resolution of this case.
The language of an insurance contract has the effect of law between the insurer *407 and the insured. See Billiot v. Terrebonne Parish Sheriff's Office, 98-0246, p. 9 (La. App. 1st Cir.2/19/99), 735 So.2d 17, 24, writ denied, 99-1376 (La.7/2/99), 747 So.2d 22. We are of the opinion that this insurance contract excludes any damage to appellants that arose out of the sexual molestation by Mr. Callegan.
The judicial responsibility in interpreting contracts is to determine the common intent of the parties. Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, 93-0911, p. 5 (La.1/14/94), 630 So.2d 759, 763.
The parties' intent, as reflected by the words of the policy, determines the extent of coverage. Such intent is to be determined in accordance with the plain, ordinary, and popular sense of the language used in the policy, unless the words have acquired a technical meaning. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. An insurance contract should not be given an interpretation which would enlarge or restrict its provisions beyond what is reasonably contemplated by its terms or which would lead to an absurd conclusion. If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written. The court should not strain to find ambiguity where none exists.
Rambo v. Walker, 97-2371, pp. 4-5 (La. App. 1st Cir. 11/6/98), 722 So.2d 86, 89, writ denied, 98-3030 (La.1/29/99), 736 So.2d 840 (citations omitted); Jones v. Board of Trustees, Louisiana State Employees Group Ben. Program, 96-0467, p. 5 (La.App. 1st Cir.12/20/96), 684 So.2d 1174, 1177.
The language of the exclusion is clear and unambiguous. There is no coverage for damage that "arises out of" any sexual act. Irrespective of any negligence on the part of Mrs. Callegan, any claim for damages by appellants against Mrs. Callegan and/or Mr. Callegan arose from the sexual act. Without the sexual act, there is no damage. And it is this act, whether the actor's conduct is intentional (i.e., the conduct by the actual perpetrator) or negligent (i.e., the conduct of Mrs. Callegan in failing to deny the perpetrator access to the victim), that the policy excludes from coverage. Consequently, any claim for damage by appellants connected with that act cannot be separated therefrom and, thus, must also be excluded from coverage.

CONCLUSION
For the foregoing reasons, the trial court's judgment in favor of appellee, Audubon Insurance Company, and against appellants, Ronald J. Sanchez, II and Mona P. Sanchez, individually and on behalf of their minor child, K.L.S., is affirmed. Costs of this appeal are assessed to appellants.
AFFIRMED.
NOTES
[1] Although appellants' actual motion was not filed until the date of the hearing, the motion was sent to the court a week prior to the hearing and appellee waived service in order to have the matter decided by the court.