# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-168

**FLOYD RIDEAU, ET UX.**

**VERSUS**

**WALTER J. EDWARDS, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 99-378
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE
**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, John D. Saunders, and Elizabeth A. Pickett, Judges.

**REVERSED AND RENDERED.**

**Michael Edward Parker**
**Allen & Gooch**
**P. O. Drawer 3768**
**Lafayette, LA 70502-3768**
**(337) 291-1350**
**Counsel for Defendant-Appellee:**
**Louisiana Insurance Guaranty Association**

**Jamie C. Gary**
**David Paul Bruchhaus**
**David P. Bruchhaus**
**Mudd & Bruchhaus, LLC**
**410 E. College Street**
**Lake Charles, LA 70605**
**(337) 562-2327**
**Counsel for Plaintiff-Appellant:**
**Floyd Rideau, et al.**

**PICKETT, Judge.**

The plaintiffs-appellants, Floyd Rideau, his wife, and his three children, appeal the trial court's ruling granting summary judgment in favor of the Louisiana Insurance Guaranty Association (LIGA).

## STATEMENT OF THE CASE

In October 1998, a tractor-trailer driven by Walter J. Edwards overturned and collided with a pickup truck driven by Floyd Rideau. At the time of the accident, Edwards was acting in the course and scope of his employment with CX-Trans/TIC United Corporation (TIC United). TIC United owned the tractor-trailer, and Reliance National Indemnity Corporation (Reliance) provided liability insurance coverage for the vehicle.

Rideau sustained injuries in the collision. Rideau, his wife, and his children sued Edwards and TIC United. TIC United filed for bankruptcy protection in late 2000. The Rideaus amended their petition to add Reliance as a defendant. When a court in Pennsylvania liquidated Reliance, the Rideaus amended their petition to add as a defendant LIGA, as guarantor of Reliance.

LIGA filed a motion for summary judgment. In its motion, it alleged three grounds: "(1) the putative policy of insurance issued to TIC United Corporation by Reliance Insurance Company is unaccompanied by a transfer of insurance risk, and is therefore not an insurance policy for which LIGA is responsible; (2) coverage provided by the Texas Property and Casualty Insurance Guaranty Association (TPCGA) is primary to any coverage provided by LIGA; and (3) LIGA is entitled to reduce any recovery for which it may be responsible by the deductible provided under the Reliance policy[.]" Following a hearing, the trial court denied the motion for

1

summary judgment on the issues of transfer of risk and TPCGA's coverage. But the trial court granted LIGA's motion for summary judgment on the third issue. The trial court found that the Reliance policy did contain a one million dollar deductible, and any recovery by the Rideaus from LIGA would be limited to any amount in judgment above one million dollars. The trial court issued a judgment and certified it as immediately appealable. The Rideaus have appealed the trial court's grant of summary judgment in favor of LIGA.

## ASSIGNMENTS OF ERROR

The Rideaus assert two assignments of error:

1.  The trial Court erred in failing to recognize that an endorsement within the Reliance policy required LIGA to pay the "first dollar" of coverage.

2.  The trial Court erred in failing to apply the Louisiana Direct Action Statute, which states that an insurer cannot escape the liability of a bankrupt insured.

## DISCUSSION

**Standard of Review**

The supreme court discussed the standard applicable to appellate review of summary judgments involving insurance contracts in *Robinson v. Heard*, 01-1697, pp. 3-4 (La. 2/26/02), 809 So.2d 943, 945:

> A reviewing court examines summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hospital, Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750. A reviewing court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Smith*, 639 So.2d at 750.
>
> Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary judgment. *Sanchez v. Callegan*, 99-0137 (La.App. 1 Cir. 2/18/00), 753 So.2d 403, 405. When the language of an insurance policy is clear and

unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. *Sanchez*, 753 So.2d at 405.

**LIGA's Obligations under the Reliance Policy**

When the Commonwealth of Pennsylvania declared Reliance insolvent, the Rideaus substituted LIGA as a defendant pursuant to the Insurance Guaranty Association Act. La.R.S. 22:1375, et seq. LIGA's liability as guarantor of the Reliance policy is the same as Reliance's liability would be had it had not been declared insolvent. La.R.S. 22:1382(A)(1). Likewise, LIGA has all of the rights, duties, and obligations of Reliance under the terms of the policy. La.R.S. 22:1382(A)(2).

The liability policy issued by Reliance covers up to $1 million in damages, with a $1 million deductible. LIGA successfully argued in the trial court that the $1 million deductible is applicable to the damages suffered by the Rideaus. The Rideaus argue that the trial court incorrectly interpreted an endorsement to the policy. They claim that the "Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980" requires LIGA to pay the Rideaus claims subject to reimbursement from the insured, TIC United. The parties refer to this endorsement as the MCS-90. It states, in relevant part:

> ☒ This insurance is primary and the company shall not be liable for amounts in excess of $1,000,000 for each accident.
>
> . . . .
>
> The insurance policy to which this endorsement is attached provides automobile liability insurance and is amended to assure compliance by the insured, within the limits stated herein, as a motor carrier of property, with Sections 29 and 30 of the Motor Carrier Act of 1980, and the rules and regulations of the Federal Highway Administration (FHWA) and the Interstate Commerce Commission (ICC).

3

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon, or violation thereof, shall relieve the company from liability or from the payment of any final judgment within the limits of liability herein described, irrespective of the financial insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which the endorsement is attached shall remain in full force and effect as binding between the insured and the company. The insured agrees to reimburse the company for any payment made by the company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement.

It is further understood and agreed that, upon failure of the company to pay any final judgment recovered against the insured as provided herein, the judgment creditor may maintain an action in any court of competent jurisdiction against the company to compel such payment.

The limits of the company's liability for the amounts prescribed in this endorsement apply separately, to each accident, and any payment under the policy because of any one accident shall not operate to reduce the liability of the company for the payment of final judgments resulting from any other accident.

The language used in the MCS-90 endorsement comes directly from federal regulations. *See* 49 C.F.R. §§ 387.7, 387.15 (2008). The MCS-90 endorsement creates a suretyship obligation on the part of the insurer. *Travelers Indem. Co. of Illinois v. W. Am. Specialized Transp. Serv., Inc.*, 409 F.3d 256 (5th Cir. 2005). "The MCS-90 endorsement is 'in effect, suretyship by the insurance carrier to protect the

4

public – a safety net,' and not an ordinary insurance provision to protect the insured." *Id.* at 260 (footnote omitted). The insurer can later recover any payments the insured would not have been liable for under policy. *Id.* The obligation of the insurer extends even to amounts that are deductibles under the terms of the policy. *Am. Inter-Fidelity Exch. v. Am. Re-Insurance Co.*, 17 F.3d 1018 (7th Cir. 1994).

We find that the MCS-90 endorsement requires LIGA to cover any loss under the Reliance policy, irrespective of the amount of the deductible. Having found that the MCS-90 endorsement allows the Rideaus to recover from LIGA, we also find that the Louisiana Direct Action Statute allows the Rideaus to substitute LIGA as a party as a result of TIC United's bankruptcy.

> The Direct Action Statute affords a victim the right to sue the insurer directly when the liability policy covers a certain risk. The statute does not, however, extend the protection of the liability policy to risks that were not covered by the policy or were excluded thereby (at least in the absence of some mandatory coverage provisions in other statutes).

*Anderson v. Ichinose*, 98-2157, p. 9 (La. 9/8/99), 760 So.2d 302, 307. After Reliance was declared insolvent, LIGA became the statutory successor to Reliance. Thus, LIGA is the proper party defendant in this suit.

**Conclusion**

The judgment of the trial court granting the motion for summary judgment in favor of LIGA is reversed and the case is remanded. We order that LIGA pay the costs of this appeal.

**REVERSED AND REMANDED.**

5