MARY DUFRENE AND CRAIG DUFRENE
v.
SUSAN BURKHALTER PAILLE, ANDRE PAILLE AND ABC INSURANCE COMPANY.
No. 2008 CA 1788.
Court of Appeals of Louisiana, First Circuit.
March 27, 2009.
Not Designated for Publication
LLOYD N. FRISCHHERTZ, Attorney for Plaintiffs/Appellants, Mary Dufrene and Craig Dufrene.
KEVIN T. PHAYER, Attorney for Defendant/Appellee, Liberty Mutual Ins. Co.
MARION B. FARMER, Attorney for Defendants/Appellees, Susan Burkhalter Paille and Andre Paille
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
CARTER, C. J.
This case arises from the tragic death of a four-month-old child while in the care of his daycare provider. The child's parents, the Dufrenes, filed suit against Susan Burkhalter Paille, who ran the daycare from her home, as well as Ms. Paille's husband and homeowner's insurer, Liberty Mutual Insurance Company.[1] Liberty Mutual filed a motion for summary judgment, asserting that the Pailles' policy excluded coverage for the damages claimed by the Dufrenes. The trial court granted the motion for summary judgment and dismissed the Dufrenes' claims against Liberty Mutual. The Dufrenes now appeal.
The pertinent policy provisions state:
SECTION II  EXCLUSIONS
1. Coverage E  Personal Liability and Coverage F-Medical Payments to Others do not apply to "bodily injury" or "property damage":
...
b. Arising out of or in connection with a "business" engaged in by an "insured." This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business"[.]
A separate endorsement to the policy provides, in pertinent part:
NO SECTION II  LIABILITY COVERAGES FOR HOME DAY CARE BUSINESS LIMITED SECTION I  PROPERTY COVERAGES FOR HOME DAY CARE BUSINESSES
If an "insured" regularly provides home day care services to a person or persons other than "insureds" and receives monetary or other compensation for such services, that enterprise is a "business." . . . Therefore, with respect to a home day care enterprise which is considered to be a "business," this policy:
1. Does not provide Section II  Liability Coverages because a "business" of an "insured" is excluded under exclusion 1 .b. of Section II  Exclusions[.]
The Dufrenes argue that the policy's business exclusion is ambiguous and uses ill-defined terms. They assert that Ms. Paille's babysitting operation did not meet the State of Louisiana's Department of Social Services, Office of Family Support's definition of "childcare" or a "childcare business." They contend that since that state agency would not define the operation as a childcare business, then defining it as one under the policy would raise public policy issues.
The language of an insurance contract has the effect of law between the insurer and the insured. Sanchez v. Callegan, 99-0137 (La. App. 1 Cir. 2/18/00), 753 So.2d 403, 406-407. If the language in an insurance contract is clear and unambiguous, the agreement must be enforced as written. The court should not strain to find ambiguity where none exists. Sanchez, 753 So.2d at 407.
The policy's exclusionary language is clear and unambiguous. Under the policy, providing home day care services to persons other than insureds for compensation is considered a business. The policy excludes coverage for bodily injury arising out of or in connection with such a business. Insurance companies have the right to limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183. We find no merit to the Dufrenes' unsupported argument that application of the policy's definition of a business would violate public policy.[2]
Moreover, the summary judgment evidence establishes that Ms. Paille charged families $20.00 per day per child to care for their children in her home, advertised in the newspaper at times and also via a sign on the street, and reported her income on her taxes. Ms. Paille's day care was not licensed by the state, but did receive state funding through the Nutrition Assistance program, which required annual fire inspections of Ms. Paille's home. Additionally, Ms. Paille hired someone to aid her in caring for the children in her home. We find no question that Ms. Paille operated a business as that term is defined by the policy.
The Dufrenes also argue that the policy is ambiguous because at the bottom of the endorsement page, on which the day care definition is set forth, appears the statement, "THIS ENDORSEMENT DOES NOT CONSTITUTE A REDUCTION OF COVERAGE." The Dufrenes contend this makes the policy ambiguous because on the one hand the statement indicates coverage is not reduced, but on the other hand suggests that coverage for the day care business is excluded.
We are mindful that in strictly construing the policy provisions, we are not authorized to exercise "inventive powers" to create an ambiguity where none exists. Reynolds, 634 So.2d at 1183. The questionable statement appears at the bottom of the endorsement to the policy, which merely clarifies what constitutes a business under the terms of the policy. The endorsement does not, on its own, alter the terms of coverage. We find no ambiguity was created by the statement on the endorsement page.
Finally, the Dufrenes argue that even if damages arising from the day care business are excluded under the policy, the policy does not exclude Mr. Paille from coverage, as Mr. Paille was not engaged in a home business. This argument has no merit. The policy excludes coverage for injuries arising out of a home day care business. It does not narrow the exclusion's application to an individual insured. Compare Sanchez, 753 So.2d at 407.

CONCLUSION
After de novo review, we find that summary judgment is appropriate in favor of Liberty Mutual and affirm the trial court's judgment. Costs of this appeal are assessed to Mary and Craig Dufrene. This memorandum opinion is issued in compliance with URCA Rule 2-16.1.B.
AFFIRMED.
NOTES
[1] The record reflects that during criminal proceedings, Ms. Paille was convicted by a jury of negligent homicide; however, that conviction was set aside by the trial court because of evidentiary issues. According to Ms. Paille, the case was presented to a grand jury a second time, but the grand jury did not return a true bill and the district attorney elected not to pursue the matter further.
[2] In their brief, the Dufrenes merely state that defining Ms. Paille's day care business any differently than the state agency "would invoke a public policy issue." The Dufrenes do not expound on what public policy would be violated and do not give any legal authority for their assertion.