STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-941 consolidated with 09-942


ANDRE ALEXANDER, ET AL.

VERSUS

THE ESTATE OF MAURICE D. MCNEAL, ET AL.


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 20081592 C/W 20081993
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Billy H. Ezell, Judges.

**REVERSED AND REMANDED.**


**Thibodeaux, Chief Judge, dissents with written reasons.**
**Cooks, Judge, dissents and assigns written reasons.**


**Dale G. Cox**
**Bradley Murchison Kelly & Shea LLC**
**401 Edwards St., Ste 1000**
**Shreveport, LA 71101**
**(318) 227-1131**
**Counsel for Defendants-Appellees:**
**Althea Dupar**
**Jerod Dupar**
**Paige Dupar**

**John W. Munsterman**
**Attorney at Law**
**P. O. Box 1848**
**Alexandria, LA 71309-1848**
**(318) 445-6111**
**Counsel for Defendant-Appellee:**
**Tyler Timber, Inc.**

**Donald Armand, Jr.**
**S. Michael Cooper**
**Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, LLP**
**P. O. Box 1786**
**Shreveport, LA 71166-1786**
**(318) 221-1800**
**Counsel for Defendant-Appellant:**
**Praetorian Specialty Insurance Co.**

**Cory Paul Roy**
**Attorney at Law**
**P. O. Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**Counsel for Plaintiffs-Appellees:**
**Andre Alexander**
**Phaetra Moore**

**PICKETT, Judge.**

The appellant, Praetorian Specialty Insurance Company, appeals the trial court's ruling granting a motion for partial summary judgment.

## STATEMENT OF THE CASE

Maurice D. McNeal and Marvin Dupar were both killed when the vehicles they were driving collided on December 7, 2007. At the time of the accident, McNeal was an employee of Tyler Timber, driving a vehicle owned by Tyler Timber in the course and scope of his employment. The Tyler Timber vehicle was insured under a policy issued by Praetorian Specialty Insurance Company (Praetorian).

The heirs of Dupar filed two separate suits in district court, which were consolidated. Among the defendants named in the suits were Tyco Centures, the parent company of Tyler Timber, and Praetorian. Additionally, Tyler Timber filed a third party demand against Regions Insurance, Inc., its insurance agent, and Praetorian. After some discovery, the plaintiffs and Tyler Timber filed a motion for partial summary judgment asking the court to find that a certain endorsement in the policy issued to Tyler Timber was unenforceable. This endorsement required Tyler Timber to give notice to Praetorian of any new drivers in order for the coverage limits of one million dollars to apply; otherwise, the statutory minimum coverage of $100,000 would apply to that driver. The trial court heard the matter on March 20, 2009, and at the conclusion of the hearing he granted partial summary judgment in favor of the plaintiffs and Tyler Timber. A second hearing was held on April 26, 2009, when Praetorian opposed certification that the partial summary judgment was immediately appealable pursuant to La.Code Civ.P. art. 1915(B). The trial court certified the judgment as immediately appealable. Praetorian now appeals.

1

## ASSIGNMENTS OF ERROR

Praetorian asserts four assignments of error:

1.    The trial court impermissibly decided a disputed issue of material fact. Specifically, the trial court believed the testimony of Tyler Timber employee Donna Desselle over the testimony of Regions employees Nancy Green and Caren Hebert, and concluded that Regions received notice that McNeal was to be added as a "specified operator." Based on this factual conclusion on a disputed issue of fact, the trial court granted partial summary judgment.

2.    The trial court erred in finding that Regions had apparent and/or actual authority to bind coverage for Praetorian.

3.    The trial court erred to the extent it found the Auto 100A endorsement ambiguous or unenforceable.

4.    The trial court erred in certifying the Partial Summary Judgment as final.

Althea Dupar, Jared Dupar and Paige Dupar have filed an answer to the appeal arguing that this court should "approve a second grounds upon which the appellees' partial motion for summary judgment should be granted, in addition to the grounds cited by the trial court, to-wit: that the fifteen day requirement in the Praetorian endorsement leads to an absurd result."

## DISCUSSION

**Certification as Immediately Appealable**

We shall address Praetorian's final assignment of error first, since resolution of that issue in favor of Praetorian would end our consideration of this case. When the trial court gives explicit reasons for certifying a partial judgment as final, the proper standard of reviewing that determination on appeal is whether the trial court abused its discretion. *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113. Following the hearing on April 26, the trial court found that the ruling on summary judgment was "a crucial and threshold issue" that should be resolved

2

before proceeding to the trial on the merits. We find no abuse of discretion in the trial court's determination. This assignment of error lacks merit.

**Standard of Review**

The supreme court discussed the applicable standard of appellate review in summary judgments involving insurance contracts in *Robinson v. Heard*, 07-1697, pp. 3-4 (La. 2/26/02), 809 So.2d 943, 945:

> A reviewing court examines summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hospital, Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730, 750. A reviewing court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Smith*, 639 So.2d at 750.

> Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary judgment. *Sanchez v. Callegan*, 99-0137 (La.App. 1 Cir. 2/18/00), 753 So.2d 403, 405. When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given. *Sanchez*, 753 So.2d at 405.

The motion for partial summary judgment filed by the plaintiffs and Tyler Timber asserted three distinct reasons that the policy limits of one million dollars should apply. First, they argued that there was no genuine issue of material fact that Tyler Timber notified Regions that McNeal had been hired, and that as Regions was an agent for Praetorian, notice to Regions was sufficient to meet the notice requirements of the endorsement. Second, the movers argued that the notice provision violated Louisiana public policy by reducing Praetorian's liability exposure. Third, the movers argued that the endorsement was ambiguous because it was impossible for Tyler Timber to give notice to Praetorian as required in the

3

endorsement. Alternatively, they argued that the fifteen day limit to add new drivers to the policy was arbitrary.

**Disputed Issue of Material Fact**

In its first assignment of error, Praetorian alleges that the trial court erred when it decided a genuine issue of material fact in reaching its decision to grant summary judgment. The endorsement at issue requires the insured, Tyler Timber, to notify the insurer, Praetorian, when it adds a new driver to its policy in order to be covered under the policy limits of one million dollars. Failure to properly notify Praetorian would result in the limits of coverage being reduced to the statutory minimum of $100,000. The notification clause that is at issue in this case is:

> Should you decide to add a "specified operator" (who is regularly furnished with a covered "auto" for use in the course and scope of employment) to this policy, you shall provide to us the following information in writing within fifteen (15) days of either 1] the initial hire date or 2] the first date the operator or driver begins regularly operating a covered "auto" on your behalf, whichever occurs first:
>
> – Full Name, and
> – Driver's License Number.
>
> In the event you fail to give us such written notice within the timeframe specified above, the individual concerned shall be considered a "non-specified operator", rather than a "specified operator" under this policy.

We find that the trial court did in fact make a credibility determination in deciding that the evidence proved that Tyler Timber faxed the document adding McNeal as a "specified operator" to Regions, where employees of Regions disputed in their depositions that they ever received that document. In determining that the one million dollar policy limits applied, the trial court stated:

> I believe there is no issue of fact as far as Tyler giving, giving and going through the appropriate channels to specify Mr. McNeal as an operator. Now, whether there was a failure between Regions and Praetorian I

4

don't think should bind or prejudice the plaintiffs. It is a matter for a cross claim.

Thus, we find that the trial court improperly granted summary judgment on the grounds that Tyler gave notice adding McNeal as a "specified operator" to its agent, Regions, where there is a disputed issue of material fact about whether that notice was ever transmitted.

**Ambiguity of the Endorsement**

At the hearing on the motion for partial summary judgment, the trial court pointedly refused to reach the issue of whether the policy language was ambiguous or against public policy for the reasons assigned in the motion and repeated in the answer to the appeal filed by the Dupars. Inasmuch as discovery is still ongoing in this case and further information may be developed regarding the endorsement and notice requirement therein, we reserve to the trial court the opportunity to rule on those issues in the first instance once discovery has been completed.

**Motion to Remand**

Given our ruling on the merits, we find Praetorian's Motion to Remand moot.

**CONCLUSION**

The judgment of the trial court granting the plaintiff's partial summary judgment is reversed. The matter is remanded for proceedings consistent with this opinion. Half of the costs of this appeal are assessed to the plaintiffs, Althea Dupar, Jared Dupar, Paige Dupar, Andre Alexander, and Phaetra Moore, and half of the costs of this appeal are assessed to Tyler Timber.

**REVERSED AND REMANDED.**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**09-941 consolidated with 09-942**


**ANDRE ALEXANDER, ET AL.**

**VERSUS**

**THE ESTATE OF MAURICE D. MCNEAL, ET AL.**


**THIBODEAUX, Chief Judge, dissenting.**

The Auto 100A endorsement, written by Praetorian, is subject to more than one interpretation. Thus, it is not clear and unambiguous and must be interpreted in favor of coverage.

I respectfully dissent.

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 09-941 c/w 09-942


**ANDRE ALEXANDER, ET AL.**

**VERSUS**

**THE ESTATE OF MAURICE D. MCNEAL, ET AL.**


**COOKS, J., dissenting.**

I dissent from the majority's decision to reverse the trial court's judgment granting summary judgment and remand for further proceedings. I find summary judgment was appropriate in this matter, albeit for different reasons than the trial court's factual assumption. Summary judgment is appropriate because the policy required a mechanism of notice that was not possible. Deep South Surplus, Inc. was the exclusive managing general agent in Louisiana for Praetorian. Michael Dugan, the president of Deep South, testified unequivocally that they did not accept notice for Praetorian. The real issue in this case is was notice possible if the policy is read as Defendant insists? I believe the answer is no, because Deep South clearly said they would not accept notice on behalf of Praetorian. Thus, whether Regions received a faxed notice from Tyler Timber may be a disputed fact, but this fact is neither material nor genuine because notice was not possible, as contemplated by the policy and as Defendant, the author of the policy, interprets it. Therefore, I would affirm the grant of summary judgment.